Filed 8/20/25  J.S. v. S.S. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION SIX

| | |
|---|---|
| J.S.,<br><br>        Appellant,<br><br>v.<br><br>S.S.,<br><br>        Respondent. | 2d Civ. No. B334820<br>(Super. Ct. No. 21FL01310)<br>(Santa Barbara County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on July 21, 2025, be modified as follows:

1.  On page 5, the first sentence of the last paragraph is amended to read, "At the end of the hearing the court stated it had 'credibility issues with both these parties.'"

There is no change in the Judgment.

Appellant's petition for rehearing is denied.

_____

YEGAN, Acting P. J.        BALTODANO, J.        CODY, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| S.S.,<br><br>    Respondent,<br><br>v.<br><br>J.S.,<br><br>    Appellant. | 2d Civ. No. B334820<br>(Super. Ct. No. 21FL01310)<br>(Santa Barbara County) |

Appellant J.S.[1] challenges the trial court's denial of her domestic violence restraining order (DVRO) request and its order of joint legal and physical custody of minor child K.  She contends the trial court applied the wrong legal standard in denying her

---

[1] We use initials to protect personal privacy in domestic violence prevention appeals.  (Cal. Rules of Court, rule 8.90(b)(1).)

DVRO and declining to apply the Family Code section 3044[2] presumption against awarding custody to a parent who has committed domestic violence in the previous five years. We disagree and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

J.S. and S.S. were married seven years when they separated in 2021. Their daughter M. was six, and their son K. was four.

J.S. filed a request under the Domestic Violence Prevention Act (DVPA) for a DVRO against S.S. (§ 6200 et seq.) She sought an order for S.S. to move out of the family home, and an award of sole legal and physical custody of M. and K. She supported her DVRO request with a declaration alleging increasing patterns of abuse by S.S. including sexual assault, stalking, harassment, emotional, verbal, and physical abuse, and destruction of J.S.'s personal property.

The trial court set a DVRO hearing and issued a temporary restraining order (TRO) protecting J.S. and the children, giving J.S. exclusive use of the home, and granting her temporary sole legal and physical custody of M. and K. S.S. opposed J.S.'s DVRO request, denied her accusations, and alleged she was using the children against him.

J.S. was self-represented at the DVRO hearing and S.S. was represented by counsel. The court, Judge Timothy Staffel, examined J.S. regarding her DVRO request and the incident prompting her to seek protection.

Judge Staffel made an "interim order without prejudice to either party" dissolving the TRO, issuing temporary mutual non-

---

[2] Undesignated statutory references are to the Family Code.

CLETS[3] stay away orders, ordering both parties to relinquish all firearms to law enforcement and provide relinquishment receipts, for J.S. and S.S. to limit communication to Our Family Wizard[4], and granting S.S. unsupervised visits with M. and K. every other weekend.

Judge Staffel held an evidentiary hearing the following month, at which both parties were represented by counsel, and presented evidence and witness testimony regarding various issues, including the allegations of domestic violence. At the end of the hearing the court lifted the mutual stay away orders and ordered the parties to conduct themselves "appropriately." It expanded S.S.'s unsupervised visits with the children and admonished J.S. to support M.'s relationship with S.S. A Findings and Order After Hearing (FOAH) memorializing these orders was filed on November 3, 2021. It does not include a finding of domestic violence nor apply section 3044.

Over the next two years, at least 23 hearings took place. In September 2022, the matter was reassigned to Judge James Rigali.

A four-day trial commenced February 23, 2023. On the first day of trial J.S. asked to maintain the joint custody schedule because K. was "doing extremely well . . . and he loves seeing his father . . . ." On the second day of trial, J.S. asked the court to

---

[3] "'CLETS' refers to the California Law Enforcement Telecommunications System. Domestic violence restraining orders (DVROs) are reported to law enforcement through this system." (*In re Marriage of Reichental* (2021) 73 Cal.App.5th 396, 399, fn.1 (*Reichental*).)

[4] Our Family Wizard is an online platform designed to facilitate coparenting communication.

make a finding of domestic violence and apply the section 3044 presumption. She conceded there was no pending domestic violence restraining order but argued the court was not prohibited from finding domestic violence occurred during the marriage and making a finding under section 3044. S.S. objected, arguing the issue was barred by res judicata.

The trial court chose to receive evidence of domestic violence "to create a full record so that any reviewing court can figure out what they think should be happening here." The court also indicated it would later decide how to address the issue.

After considering closing briefs and additional argument, the court entered a judgment on reserved issues finding it "was prevented from issuing a CLETS DVRO as requested by [J.S.] against [S.S.] because of the dictates of 'judicial canon' and the rule of 'stare decisis,'" and thus "refused to rule on [J.S.'s] request." S.S. and J.S. were awarded joint legal and physical custody of K. and a visitation schedule was set. The judgment does not make a finding of domestic violence, nor does it apply section 3044.

## DISCUSSION

We review the grant or denial of a DVRO request for abuse of discretion. (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780.) When we "'review the trial court's factual findings, we apply a substantial evidence standard of review.'" (*Ibid*.) "We draw all reasonable inferences in support of the court's ruling and defer to [its] express or implied findings when supported by substantial evidence." (*J.M. v. G.H.* (2014) 228 Cal.App.4th 925, 935.) "'Judicial discretion to grant or deny an application for a protective order is not unfettered. . . . [W]hether a trial court applied the correct legal standard to an issue in exercising its

4

discretion is a question of law [citation] requiring de novo review [citation].'" (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 116.)

J.S. contends Judge Rigali applied the wrong legal standard in denying her DVRO based on an "erroneous belief the DVRO had already been adjudicated." S.S. contends the denial was proper because J.S.'s DVRO request was denied by Judge Staffel in 2021 and her 2023 request was an "attempt at a do-over." We conclude J.S.'s DVRO was fully adjudicated in November 2021. Her failure to appeal that order precludes our review.

On September 27, 2021 the court held a contested evidentiary hearing addressing J.S.'s August 2021 DVRO request and S.S.'s September 2021 Request for Order for sole custody of the children due to parental alienation. Both parties examined witnesses and introduced documentary evidence. J.S. was examined by her attorney regarding her allegations of domestic violence. S.S. testified regarding his claims of parental alienation and his version of the abuse alleged by J.S. Counsel for both parties made closing arguments.

At the end of the hearing the court stated it had "credibility issues with both these parties," and "the case started as an effort to get an advantage of a family law case." It ordered expanded visitation for S.S. and said J.S. "should be encouraging that." It dissolved the mutual stay-away orders, said it needed to see a "change in the attitude with the parties," and ordered the parties to behave "appropriately." The court admonished J.S. to facilitate visitation between M. and S.S. or else it would "rebound back with respect to [J.S.]." The court did not indicate its orders were interim or temporary, or that it was contemplating further

5

proceedings with respect to domestic violence.  Written findings and orders were made in November 2021 that did not find domestic violence nor apply section 3044.  This was a final determination on the merits of J.S.'s DVRO request.[5]

J.S. contends Judge Staffel's issuance of a temporary non-CLETS stay-away order was error because only she requested protection and "non-CLETS restraining orders are not allowed by law."  But she did not appeal the court's order.  An order refusing to issue a DVPA restraining order is appealable.  J.S.'s failure to file an appeal from that order precludes appellate review. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46; *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1082 ["an appellate court will not review earlier appealable rulings"].)

J.S. alternatively argues she asserted "multiple new issues that were not actually litigated and determined," such as evidence of litigation abuse and harassment, and these allegations support the issuance of a restraining order and the application of section 3044.  But the court found otherwise.  It refused to issue a temporary restraining order.  The final judgment did not find any domestic violence nor did it apply section 3044.  (See, *City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 541 [DVPA mandates application of

---

[5] The parties' subsequent conduct supports this was a final ruling.  Two years passed during which there were at least 23 contested hearings concerning child custody and property division.  J.S. filed five briefs identifying issues before the court but none raised the DVRO request as an outstanding issue or sought application of section 3044's presumption.  Interim child custody findings and orders never applied section 3044.

6

the presumption upon any finding of domestic violence within the previous five years].)

J.S. relies on select statements the court made after hearing evidence suggesting it did or would have found domestic violence occurred during the marriage. But the court never indicated it found domestic violence based upon litigation conduct or harassment and never stated section 3044 applied. Moreover, "a judge's comments in oral argument may never be used to impeach the final order, however valuable to illustrate the court's theory they might be under some circumstances." (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633.)

                    DISPOSITION

Judgment is affirmed. Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>



                              CODY, J.


We concur:



        YEGAN, Acting P.J.



        BALTODANO, J.



                        7

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Ferguson, Case, Orr Paterson, John A. Hribar, for Respondent.

Gibson, Dunn & Crutcher, Lauren M. Blas, Gillian B. Miller, and Kelsey Matevish; Family Violence Appellate Project, Arati Vasan, Cory Hernandez and Jennafer Dorfman Wagner, for Appellant.

Complex Appellate Litigation Group, Mary-Christine Sungaila; Loyola Law School, Randee Barak, for Amicus Curiae, California Women's Law Center.